# United States District Court
### Northern District of Texas
### Fort Worth Division

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 19 2012
CLERK, U.S. DISTRICT COURT
by_____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | Case Number: 4:11-CR-151-A(01) |
| CRYSTAL LA VON MASON-HOBBS | § | |

## JUDGMENT IN A CRIMINAL CASE

The government was represented by Assistant United States Attorney J. Michael Worley. The defendant, CRYSTAL LA VON MASON-HOBBS, was represented by J. Warren St. John.

The defendant pleaded guilty on November 23, 2011 to the one count indictment filed on October 12, 2011. Accordingly, the court ORDERS that the defendant be, and is hereby, adjudged guilty of such count involving the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. § 371 | CONSPIRACY TO DEFRAUD THE UNITED STATES | May 2009 | 1 |

As pronounced and imposed on March 16, 2012, the defendant is sentenced as provided in this judgment.

The court ORDERS that the defendant immediately pay to the United States, through the Clerk of this Court, a special assessment of $100.00.

The court further ORDERS that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence address, or mailing address, as set forth below, until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court, through the clerk of this court, and the Attorney General, through the United States Attorney for this district, of any material change in the defendant's economic circumstances.

### IMPRISONMENT

The court further ORDERS that the defendant be, and is hereby, committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 60 months.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons on or before 2:00 P.M., on April 6, 2012.

<u>SUPERVISED RELEASE</u>

   The court further ORDERS that, upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years and that while on supervised release, the defendant shall comply with the following conditions:

1.   The defendant shall not commit another federal, state, or local crime.

2.   The defendant shall not possess illegal controlled substances.

3.   The defendant shall cooperate in the collection of DNA as directed by the U.S. Probation Officer, as authorized by the Justice for All Act of 2004.

4.   The defendant shall refrain from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the probation officer makes a determination that the defendant has fully satisfied the restitution obligation.

5.   The defendant shall provide to the probation officer complete access to all business and personal financial information.

6.   The defendant shall not transfer, sell, give away, or otherwise convey any asset with a value of $500 or more without the approval of the probation officer.

7.   The defendant shall not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in the business of tax preparation, without the probation officer's approval.

8.   If, upon commencement of supervised release, any part of the $4,206,805.49 restitution ordered by this judgment remain unpaid, the defendant shall make payments on such unpaid amount at the rate of at least $500 per month, the first such payment to be made no later than 60 days from the date the sentence is imposed and another payment to be made on the same day of each month thereafter until the restitution amount is paid in full. Any unpaid balance of the restitution ordered by this judgment shall be paid in full 60 days prior to the termination of the term of supervised release.

9.   The defendant shall not be employed in any fiduciary capacity or any position allowing access to credit or personal financial information of others, unless the defendant's employer is fully aware of the offense of conviction and with the approval of the probation officer.

10.   The defendant shall submit to urine surveillance to determine if the defendant has become involved in the use of illegal drugs.

11.   The defendant shall also comply with the Standard Conditions of Supervision as hereinafter set forth.

## Standard Conditions of Supervision

1. The defendant shall report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons.

2. The defendant shall not possess a firearm, destructive device, or other dangerous weapon.

3. The defendant shall provide to the U.S. Probation Officer any requested financial information.

4. The defendant shall not leave the judicial district without the permission of the Court or U.S. Probation Officer.

5. The defendant shall report to the U.S. Probation Officer as directed by the court or U.S. Probation Officer and shall submit a truthful and complete written report within the first five (5) days of each month.

6. The defendant shall answer truthfully all inquiries by the U.S. Probation Officer and follow the instructions of the U.S. Probation Officer.

7. The defendant shall support his or her dependents and meet other family responsibilities.

8. The defendant shall work regularly at a lawful occupation unless excused by the U.S. Probation Officer for schooling, training, or other acceptable reasons.

9. The defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment.

10. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

11. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the U.S. Probation Officer.

13. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the U.S. Probation Officer.

14. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

15. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16.     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

The court hereby directs the probation officer to provide defendant with a written statement that sets forth all the conditions to which the term of supervised release is subject, as contemplated and required by 18 U.S.C. § 3583(f).

## FINE

The court did not order a fine because the defendant does not have the financial resource or future earning capacity to pay a fine.

## RESTITUTION

The court further ORDERS the defendant shall make full restitution in the amount of $4,206,805.49. Restitution is payable immediately, but non-payment will not be a violation of defendant's conditions of supervised release so long as defendant pays as provided in defendant's conditions of supervised release. All restitution payments shall be made by defendant to the Clerk of the United States District Court, 501 West 10th Street, Room 310, Fort Worth, Texas 76102, for disbursement to the victim whose name and loss for which restitution is to be made is listed below:

IRS, RACS
Attn: Mailstop 6261, Restitution
333 West Pershing Avenue
Kansas City, Missouri 64108
RE: Crystal La Von Mason-Hobbs, 4:11-CR-151-A(01)

Defendant shall receive credit on her restitution obligation for recovery by Internal Revenue Service from other persons if the recovery represents part of the same loss that gave rise to defendant's restitution obligation. Defendant shall be jointly and severally liable with Sanford Taylor Hobbs, III, as to the loss for which she has restitution obligation to the extent that Sanford Taylor Hobbs, III, is ordered to make restitution for all or a part of the same losses.

## STATEMENT OF REASONS

The "Statement of Reasons" and personal information about the defendant are set forth on the attachment to this judgment.

Signed this the 19 day of March, 2012.

JOHN McBRYDE
UNITED STATES DISTRICT JUDGE

4

RETURN

I have executed the imprisonment part of this Judgment as follows:

_____
_____

Defendant delivered on_____, 2012 to_____
at_____, with a certified copy of this Judgment.

                                Randy Ely
                                United States Marshal for the
                                Northern District of Texas


                                By _____
                                       Deputy United States Marshal