UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § | NO. 4:11-CR-151-A(01) |
| CRYSTAL MASON-HOBBS | § § § | |

**DEFENDANT'S BRIEF IN SUPPORT OF A
FINDING DENYING THE GOVERNMENT'S PETITION
TO REVOKE SUPERVISED RELEASE**

COMES NOW, Defendant, Crystal LaVon Mason-Hobbs and prays the Honorable Court consider her brief arguments in support of a finding denying the Government's petition to revoke her term of supervised release. In support, Ms. Mason-Hobbs shows the Court as follows:

1. **Ms. Mason-Hobbs did not violate the laws of the State of Texas, and her conviction for Illegal Voting is insufficient evidence to show that she did.**

On March 28, 2018, following a bench trial, the Court found Ms. Mason guilty of illegal voting under Tex. Elec. Code § 64.012(B) and sentenced her to five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. (Judgment of Conviction by Court—Waiver of Jury Trial, cause no. 1485710D). Notice of Appeal was made on the same day. Ms. Mason-Hobbs is currently on bond pending appeal. Her conviction is not final under Texas law.

In addition to concerns about ineffective assistance of trial counsel due to actual (not potential) conflicts of interest, Ms. Mason-Hobbs is in the process of raising several issues on appeal which are relevant to the matter before the Court in the instant case of her alleged violation of supervised release. Ms. Mason-Hobbs asks that the court consider the nature of her appellate issues when weighing the probative value of her not yet final Tarrant County

conviction in determining whether Ms. Mason has in fact violated the laws of the State of Texas as the Government has alleged.

## 2. Evidence at Trial was Legally Insufficient to Sustain Conviction.

The State had the burden to show beyond a reasonable doubt that Ms. Mason (1) knowingly voted; (2) was ineligible to vote; and (3) knew she was ineligible to vote. TEX. ELEC. Code § 64.012(a)(1). At trial, the Court was not asked to consider whether the casting of a provisional ballot constitutes voting as the indictment alleges. Furthermore, at trial, both the State and defense operated under the assumption that Ms. Mason was ineligible to vote by virtue of her status on Supervised Release following a Federal felony conviction.

Ms. Mason-Hobbs has raised serious questions about whether it is clear that 11.02(4) of the Election Code bars someone in her position from voting. Ms. Mason-Hobbs was not on probation or parole. Therefore, the State had to show beyond a reasonable doubt that the Ms. Mason-Hobbs was on "supervision" as that term is used in the Texas Election Code. As the Defendant and *amici* before the trial court on the motion for new trial have noted, the term "supervision" is not defined by the Election Code, and appears to be susceptible to multiple definitions. *See, e.g. Speth v. State*, 6 S.W.3d 530, 532 n.3 ("We use the terms probation and community supervision interchangeably in this opinion."). Here, beyond paying restitution, Ms. Mason was required only to log into the Federal website once monthly and certify that she had neither moved, changed telephone numbers, nor been arrested.[1] If Defendant is correct that such circumstances do not qualify as "supervision" under Section 11.02(4) of the Election Code, then

---

[1] The ambiguity concerning the term "supervision" as used in the Election Code begs the question as to whether the State has met its burden to show beyond a reasonable doubt that Ms. Mason *knew* she was under supervision as that term is used in the Election Code and knew that such supervision rendered her ineligible to vote. Further, given the vagueness of the term "supervision," there is significant doubt as to whether Ms. Mason *could have known* how the term supervision would be interpreted by the State, the possibility of which raises serious concerns about the constitutionality of charging Ms. Mason under the statute. *United States v. Williams*, 553 U.S. 285, 304 (2008).

the evidence is, in fact, legally insufficient to sustain a conviction, and the verdict is contrary to the law and the evidence.

Additionally, Defendant has cast serious doubt as to whether Defendant's act of filling out a provisional ballot could satisfy the act of voting as required by the Election Code. ELEC. Code § 64.012(a)(1). Ms. Mason's ballot was, by its very nature, provisional and it ultimately was not counted. The Election Code does not specify whether the filling out of a provisional ballot constitutes a "vote" as meant by the statute, because the term "voting" is undefined under Texas law. The rule of lenity normally counsels that such ambiguities be interpreted in favor of the defendant. Additionally, *amici* have raised serious concerns about whether criminalizing the act of casting a provisional ballot may be in conflict with the federal Help Americans Vote Act ("HAVA"), and therefore principles of statutory interpretation and constitutional avoidance may require the statute to be read so as to not criminalize the very process required by HAVA. If the casting of a provisional ballot does not constitute a vote that can be subject to criminal penalties under the Election Code, then the evidence was legally insufficient to convict Ms. Mason-Hobbs.

Furthermore, the evidence presented during trial was insufficient to establish that Ms. Mason-Hobbs KNEW that she was ineligible to vote. Letters presented purporting to serve as notice of suspension of Ms. Mason-Hobb's voting rights were sent to her home address.[2] However, Ms. Mason Hobbs was the custody of the U.S. Bureau of Prisons at the time. Therefore, she never received such notices. No evidence was presented that these notices were forwarded or delivered to Ms. Mason- Hobbs at her prison address. Additionally, in direct contradiction to the State's allegation of Ms. Mason-Hobbs' knowledge of ineligibility,

---

[2] Exhibit A.

Supervisory U.S. Probation Officer, Kenneth Mays, provided testimony that he did not advise Ms. Mason-Hobbs that she was not eligible to vote.[3]

Ms. Mason Hobbs will bring the issue on appeal that the Texas statute which establishes the offense of illegal voting is unconstitutionally vague. It is unclear who is and is not subject to "supervision" as laid out in Section 11.02(4) of the Election Code. This vagueness is a serious problem in the definition of who among us is qualified to vote, to say nothing about who is subject to prosecution under the illegal voting provision of the same code (Section 62.012). The right of a US citizen to vote is a fundamental right (*Reynolds v. Sims* 377 U.S. 533, 561-62 (1964)., 42 U.S.C sec. 1973gg ("The Congress finds that (1) the right of citizens of the United States to vote is a fundamental right").

Setting aside whether felon disenfranchisement achieves or is aimed at achieving a compelling state interest, the strict scrutiny that protects fundamental rights includes narrow tailoring to prevent overbreadth. The qualified voter under Section 11.02(4) of the Election Code cannot be under "supervision" following a felony conviction, but uncertainty as to what that "supervision" is and is not (Sex offender registration? Hospitalization following an acquittal by reason of insanity? Appeal bond? Supervised release? Continuing duty to make restitution?) muddies the waters of who is and is not qualified to vote. This statute is not specific enough to prevent arbitrary and capricious enforcement let alone meet the standard of having been narrowly tailored to meet a compelling government interest. The lack of definition in the statute combined with the strict scrutiny that is afforded to those laws which would seek to abridge or limit fundamental rights means that both on its face and as applied to Crystal Mason-Hobbs, the prosecution of Ms. Mason-Hobbs amounts to a violation of the equal protection clause as well as the due process clause of the 14th Amendment.

---

[3] Exhibit B.

These concerns and others involving ineffective assistance of counsel will make up the substance of Ms. Mason-Hobbs's appeal, and they are of a nature that would call into question the criminality of Ms. Mason-Hobbs's conduct and by extension the Government's allegation that Ms. Mason-Hobbes violated the terms of her supervised release by committing a new offense. Justice demands a closer examination of Texas law as applied to Ms. Mason's facts be undertaken by Texas courts before the Federal Courts weigh in on the matter.

The law establishing the offense of illegal voting is a problematically vague statute with minimal case law and nothing on point to Ms. Mason-Hobb's situation of casting a provisional ballot while on supervised release. The issue of whether a provisional ballot cast in Texas while on supervised release constitutes illegal voting is an issue of first impression in Texas, and one that touches on fundamental rights. Texas courts should have an opportunity to weigh in, contextualize, and interpret Texas law. Only after Texas courts can hear and decide on Ms. Mason-Hobbs's case can the Government make a prima facie case alleging that Ms. Mason-Hobbs has violated the law.

3. **The Government's allegation that Ms. Mason-Hobbs is willfully delinquent on repaying her restitution is spurious.**

Ms. Mason-Hobbs, having been adjudged indigent, has paid toward restitution to the best of her ability. There has been no change in her status of indigency. She has no employment. The attorneys appearing with her presently are working pro-bono and have received no compensation.

When determining to revoke a term of supervised release, the Court must consider the While it has been well established that a conviction for a new offense is not necessary for a finding of a violation, and proof of culpable conduct by a preponderance of the evidence is

sufficient for revocation, the Sentencing Guidelines recommend that the grade of the violation be based on the defendant's ACTUAL conduct.[4]

Although part of section 7B1.3 is written in mandatory terms ("the court shall revoke") for Grade A and B violations, as previously noted, Chapter Seven of the Guidelines Manual contains only non-binding policy statements. The only truly mandatory grounds for revocation are the four grounds set forth in 18 U.S.C. § 3583(g), which do not apply to Ms. Mason-Hobbs. In all other cases in which a violation is found, the court may opt not to revoke supervised release and incarcerate the offender and, instead, continue him or her on supervision (under the same terms or with modified terms), extend the term of supervision, or sentence the offender to a term of home detention in lieu of incarceration.[5]

Ms. Mason-Hobbs filed a provisional ballot. Her action, in and of itself, was not "criminal" conduct. The criminal conviction in the Texas state case is currently under appeal, with numerous legitimate appealable issues. Ms. Mason-Hobbs is does not pose a threat to the public. She has otherwise been a model citizen and has worked to educate and re-intergrate herself into society. Revocation of supervised release under these circumstances would not be necessary.

WHEREFORE, PREMISES CONSIDERED, Ms. Mason-Hobbs prays that the Court consider the arguments and law laid out herein and DENY the Government's Petition to Revoke her Term of Supervised Release.

---

[4] USSG §7B1.1, comment. (n.1) ("The grade of violation does not depend on conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct.")
[5] 18 U.S.C. § 3583(e)(1)-(4).

Respectfully submitted,

/s/ Kim T. Cole
Kim T. Cole
Texas State Bar No. 24071024
K. COLE LAW, PLLC
2770 Main Street, Suite 186
Frisco, Texas 75033
(214) 702-2551 (phone)
(972) 947-3834 (fax)
kcole@kcolelaw.com

/s/ Allison Grinter
Allison Grinter
Texas State Bar No. 24043476
3730 Kiest Valley Parkway
Dallas, Texas 75233
214-704-6400 (phone)
allisongrinter@gmail.com

/s/ Justin A. Moore
Justin A. Moore
Texas State Bar No. 24088906
1801 N. Hampton Road
Suite 333
Desoto, Texas 75115
justin@moorejustice.net

ATTORNEYS FOR DEFENDANT