IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA  v.  CRYSTAL MASON-HOBBS (01) | NO. 4:11-CR-151-A |

### RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Crystal Mason-Hobbs requests early termination of her second term of supervised release. The government opposes her request.

In 2011, the defendant was convicted of Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371 and sentenced to 60 months in prison to be followed by a 36-month term of supervised release. Dkt. 79 at 1. The defendant completed her prison sentence and began serving her first term of supervised release on August 5, 2016. Dkt. 82. A few months later, on February 24, 2017, the Probation Office filed a Report on Offender Under Supervision alleging that the defendant had violated her conditions of release when she violated state law by illegally voting and failed to make restitution payments as required. Dkt. 79 at 1-2. On June 14, 2018, the Probation Office filed a Petition for Offender Under Supervision requesting that an arrest warrant be issued for the defendant due to her violation of conditions of release. Dkt. 82. The Petition was based on the same violations alleged in the earlier Report, but noted that, in the interim, the defendant's illegal voting charges had resulted in a conviction. *Id*. On June 27, 2018, the government filed a Motion to Revoke Term of Supervised Release alleging that

the defendant violated her conditions by committing a state crime and by failing to make restitution payments as ordered. Dkt. 97. On August 30, 2018, this Court found that the defendant had violated her conditions of supervised release and sentenced her to a 10-month term of imprisonment to be followed by a 26-month term of supervised release. Dkt. 113, 116.

The defendant began her second term of supervised release on July 19, 2019. Dkt. 141. On April 1, 2020, the Probation Office filed a Report on Person Under Supervision alleging that the defendant violated her conditions of release by obtaining several credit cards without the permission of her probation officer. *Id*. The Report also alleged that the defendant had failed to make restitution payments as required. *Id*. The Probation Office noted that the defendant had been "verbally admonished for her noncompliance" and recommended that no action be taken on the violation. *Id*. The Court agreed. *Id*.

While the defendant asserts that she "is an ideal candidate for early termination of supervised release," the government disagrees. Early termination should be reserved, at the very least, for those who are able to successfully abide by their conditions of release. The defendant was unable to successfully complete her original term of supervised release and instead violated her conditions resulting in a revocation. After being placed on a second term of supervised release, the defendant again violated her conditions by obtaining several credit cards without approval and failing to pay restitution as ordered. While these violations may not have been severe enough to merit a second revocation, they demonstrate that the defendant is not a suitable candidate for candidate for early termination.

**Response to Compassionate-Release Motion – Page 2**

Accordingly, the government believes that the Court should deny the defendant's motion and require her to complete her second term of supervised release.

Respectfully submitted,

PRERAK SHAH
ACTING UNITED STATES ATTORNEY

*/s/ Jay Weimer*
JAY WEIMER
Assistant United States Attorney
Texas State Bar No. 24013727
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Tel:  817-252-5273
Email:  jay.weimer@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2021, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means: Kim T. Cole.

*/s/ Jay Weimer*
JAY WEIMER
Assistant United States Attorney